Case 11-11923-TPA    Doc 166    Filed 07/15/16    Entered 07/15/16 14:15:43    Desc Main
Document    Page 1 of 4

FILED
7/15/16 11:44 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| RANDY J. SHELATZ and ANA L. SHELATZ, *Debtors* | Case No. 11-11923-TPA <br><br> Chapter 13 |
| HSBC BANK USA, N.A., *Movant* | Related to Doc. No. 157, 159, 164 |
| v. | |
| RANDY J. SHELATZ and ANA L. SHELATZ and RONDA J. WINNECOUR, TRUSTEE, *Respondents* | |

## ORDER

On June 29, 2016, the Movant HSBC Bank USA, N.A. ("HSBC") filed a *Creditor's Motion to Reopen Case Under 11 U.S.C. §350(b)*, Doc. No. 157, as well as a *Motion to Pay Unclaimed Funds Under 28 U.S.C. §2042*, Doc. No. 159 (collectively, "the June 29th Motions"). The upshot of the *June 29th Motions* was that HSBC wanted this closed case reopened so that it could recover $33,508.22 which the Chapter 13 Trustee had paid over to the Clerk as unclaimed funds after a check in that amount that was issued by the Trustee to HSBC was never cashed. The Court set a July 18th response deadline and scheduled the *June 29th Motions* for hearing on July 27th.

On July 13, 2016, HSBC filed a ***Motion to Withdraw Motion to Pay Unclaimed Funds Under 28 U.S.C. §2042 and to Recoup Filing Fee paid to Court*** ("Motion to Withdraw"),

1

Doc. No. 164. The *Motion to Withdraw* indicates that subsequent to filing the *June 29th Motions* HSBC learned that the $33,508.22 in question, rather than continuing to be unclaimed funds, had actually been the subject of a motion to pay unclaimed funds filed previously by Seterus, Inc., which motion was granted on June 6, 2016. In other words, the funds in question presumably have already been paid out by the Clerk, and furthermore HSBC does not appear to contest that Seterus, and not HSBC, was the proper party to receive such funds.

The Court has no problem granting the *Motion to Withdraw* under these facts insofar as it seeks a withdrawal of the *June 29th Motions*. The Court does not, however, find sufficient grounds for the additional relief sought of a return of the reopening fee that was paid in connection with the *June 29th Motions*.

The Court is willing to assume that there might be instances when a return of a reopening fee is appropriate. For instance, if a moving party could not have known in advance, despite the exercise of reasonable diligence, that a motion to reopen was futile or doomed to failure, and then moves to withdraw as soon as such discovery is made, that could possibly warrant a return of the reopening fee. This is not such a case. The main bankruptcy case was originally closed on November 19, 2015. Between then and the filing of the *June 29th Motions* there were only a handful of docket entries, all of them relating in some fashion to the Seterus, Inc. motions, which were identified on the docket as a motion to reopen and a motion to pay unclaimed funds. Granted, the docket entries themselves do not explicitly state that Seterus, Inc. was seeking payment of

$33,508.22, which would have indisputably indicated to HSBC that the same funds were involved. Nevertheless, the Court does not find it reasonable for HSBC to have relied solely on the information contained strictly on the docket itself before deciding to file the *June 29th Motions*. Quite simply, when faced with docket entries indicating that a prior motion to pay unclaimed funds had been filed and granted, HSBC had a duty to "click through" and review the actual documents, and had it done so it would have known not to file the *June 29th Motions*, at least not without investigating further. HSBC's failure to take this reasonable and easy step deprives it of any right to a refund of the reopening fee.

The Court further notes that HSBC itself apparently recognized a duty to examine the docket before filing the June 29th Motions, stating that such an examination "does not reflect that this claim has been previously paid." Doc. No. 159 at ¶6. As noted, this statement is not supported by the record and appears to implicate a *Rule 9011* due diligence concern. The Court believes that a reasonable examination would have reflected that the claim had been ordered paid only a few weeks earlier, so it must conclude that HSBC did not conduct a reasonable examination. If HSBC would like to present contrary evidence at an evidentiary hearing it may do so, but based on the current record the court finds no basis for refunding the fee.

*AND NOW*, this *15th* day of *July, 2016*, it is **ORDERED, ADJUDGED** and **DECREED** that the *Motion to Withdraw* is **GRANTED** in part and **DENIED** in part, as follows:

(1)    The *June 29th Motions* previously filed at Doc. Nos. 157 and 159 are **WITHDRAWN** and the hearing on them is **CANCELLED**.

3

(2) ***Effective July 29, 2016***, the request for a refund of the reopening fee is ***DENIED*** unless ***on or before that date*** HSBC files a request for an evidentiary hearing to determine whether it acted with reasonable diligence before filing the *June 29th Motions*.

                                             _____
                                             Thomas P. Agresti, Judge
                                             United States Bankruptcy Court

Case Administrator to serve:
    Warner Mariani, Esq.
    Daniel Foster, Esq.
    Ronda J. Winnecour, Esq.
    Office of the United States Trustee
    Debtors
    Michael Rhodes, Clerk
    Joshua Lewis, Chief Deputy